ALD-217                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2280
─────────

IN RE: BRADLEY LIVINGSTON,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from the United States District Court
for the District of New Jersey
(Related to D.N.J. Civ. Nos. 2:23-cv-23006; 2:24-cv-1056; 2:24-cv-5838)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 18, 2025

Present: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: September 22, 2025)
_____

OPINION*
_____

PER CURIAM

    Pro se Petitioner Bradley Livingston has filed a petition for writ of mandamus

seeking relief in three different cases pending in the United States District Court for the

District of New Jersey. We will deny Livingston's petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Two of Livingston's District Court cases involve allegations arising from his former job, and one involves someone purportedly tampering with his mail and throwing out his personal items. Livingston requests this Court to: (1) direct the District Court to act without delay on pending matters; (2) consolidate the cases on appeal pursuant to Federal Rule of Appellate Procedure 3(b); and (3) review and intervene as judicial bias has caused him prejudice.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States Dist. Ct., 542 U.S. 367, 380-81 (2004)). Mandamus relief can be warranted when a court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

A review of the three District Court dockets in the cases listed above does not indicate undue delay. Indeed, the District Court has been actively involved and has issued numerous orders related to relevant filings in all three cases. Livingston fails to show extraordinary circumstances to warrant granting a writ of mandamus based on this argument.

Next, Livingston requests mandamus relief to consolidate his cases into one unified appeal under Federal Rule of Appellate Procedure 3(b).[1] That rule provides that "(1) [w]hen two or more parties are entitled to appeal from a district-court judgment or order, and their interests make joinder practicable, they may file a joint notice of appeal. They may then proceed on appeal as a single appellant. (2) When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." Fed. R. App. P. 3(b)(1)-(2).

Livingston could presumably file a motion to consolidate his appeals directly, rather than seeking such relief through this mandamus petition. Thus, Livingston fails to show he has no adequate means to possibly attain the relief he seeks to warrant the extraordinary remedy of granting his petition for writ of mandamus.[2]

Livingston next requests that this Court review and intervene due to judicial bias within the District Court. Under 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonable questioned." Id. Mandamus is an appropriate vehicle for

---

[1] Livingston has no current appeal pending in D.N.J. Civ. No. 24-cv-1056.

[2] It is also worth noting that the three cases are open and active in the District Court. Under Federal Rule of Civil Procedure 42(a), a District Court is given broad discretion on whether to consolidate cases. See Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 100, 102 (3d Cir. 2015).

3

reviewing the denial of a recusal motion. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993).

A panel of this Court analyzed and rejected a previous mandamus petition by Livingston whereby he claimed that Magistrate Judge Adams was biased against him in one of the three cases listed above. See In re Livingston, C.A. No. 25-1858, 2025 WL 1467435, at *2 (3d Cir. May 22, 2025) (not precedential). In denying that previous mandamus petition, we first noted that judicial rulings almost never constitute a basis for bias or a recusal motion. See id. (citing Liteky v. United States, 510 U.S. 540, 555 (1994)). We saw no evidence of bias on the part of Magistrate Judge Adams. Livingston comes forward with nothing new in his current mandamus petition to change that result related to Magistrate Judge Adams.[3]

Furthermore, to the extent that Livingston is challenging Magistrate Judge Espinosa, who is assigned one of Livingston's cases, mandamus relief is not warranted. Livingston filed a motion to recuse Magistrate Judge Espinosa. Magistrate Judge Espinosa denied Livingston's recusal motion finding that he failed to provide adequate reasons for recusal and noted that the Court's orders did not constitute a proper basis for recusal. We see no reason to grant the extraordinary relief of mandamus with respect to Magistrate Judge Espinosa's decision not to recuse. First, as noted above, judicial

---

[3] Livingston's current mandamus petition also presents no information regarding any potential bias from any of the three District Judges assigned to the three cases he lists.

decisions are generally not a basis for a judge to recuse himself. See Liteky, 510 U.S. at 555. Second, Livingston had further recourse by appealing Magistrate Judge Espinosa's order not to recuse to the District Judge.

Finally, Livingston may be seeking mandamus relief due to Chief District Judge Bumb's purported bias. She issued a preclusion order against him. A panel of this Court in denying Livingston's previous mandamus petition recently found no bias on the part of Chief Judge Bumb. See In re Livingston, 2025 WL 1467435, at *2 (citing In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982)). Livingston comes forward with nothing new in this mandamus petition to change that result.

Accordingly, we will deny Livingston's mandamus petition. Livingston's motion for summary disposition and any other pending motions or requests are denied.